IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BETTY FRANKLIN,

          Plaintiff,

v.                                        CIVIL ACTION NO.   2:12-cv-01837

ETHICON, INC., et al.,

          Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 44] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

## I.  Background

This action involves a Texas plaintiff who was implanted with mesh products manufactured by Ethicon, Gynecare Tension-free Vaginal Tape-Obturator ("TVT-O") and Gynecare Prolift ("Prolift") on June, 24, 2010. Am. Short Form Compl. [ECF No. 66] ¶¶ 1–12. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Nov. 20, 2015, *available at* *http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 2 case."

## II.   Legal Standards

### A.  Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

Ms. Franklin originally filed her claim in the Southern District of Texas. *See* Compl. [ECF No. 1]. Thus, the choice-of-law principles of Texas guide the court's choice-of-law analysis. *See Klaxon Co. v. Stentor Elect. Mfg. Co.*, 313 U.S. 487, 496 (1941).

The parties agree, as does the court, that these principles compel application of Texas substantive law to the plaintiff's claims. In tort actions, Texas adheres to the Restatement (Second) of Conflict of Laws (Am. Law Inst. 1971). *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Under section 145 of the Restatement, the court

must apply the law of the state with the most "significant relationship to the occurrence and the parties." Here, the plaintiff resides in Texas, and her implantation surgery occurred in Texas. Am. Short Form Compl. ¶ 11. Texas has a strong interest in resolving tort actions brought by one of its citizens for injuries arising from conduct alleged to have occurred within its territorial jurisdiction. Thus, I will apply Texas substantive law to this case.

## III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiff's claims are without evidentiary or legal support.

### A. Conceded Claims

The plaintiff concedes the following claims (II) strict liability – manufacturing defect, (VI) common law fraud, (VII) fraudulent concealment, (VIII) constructive fraud, (X) negligent infliction of emotional distress, (XI) breach of express warranty, (XII) breach of implied warranty, (XIII) violation of consumer protection laws, and (XV) unjust enrichment. Pl.'s Resp. Defs.' Mot. Summ. J. 1.

Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B. Failure to Warn Claim

Texas follows the learned intermediary doctrine. *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 158–9 (Tex. 2012) (holding "the doctrine generally applies within the context of a physician-patient relationship"); *see also Bean v. Baxter Healthcare Corp.*, 965 S.W.2d 656, 663 (Tex. Ct. App. 1998) (applying the learned intermediary doctrine to an implantable medical device case). Under this doctrine, "a manufacturer

is required to provide adequate warning to the end users of its product if it knows or should know of any potential harm that may result from the use of its product." *Id.* at 153–154. "In order to recover for a failure to warn under the learned intermediary doctrine, a plaintiff must show: (1) the warning was defective; and (2) the failure to warn was a producing cause of the plaintiff's condition or injury." *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 468 (5th Cir. 1999) (applying Texas law). However, if "the physician was aware of the possible risks involved in the use of the product but decided to use it anyway, the adequacy of the warning is not a producing cause of the injury and the plaintiff's recovery must be denied." *Centocor*, 372 S.W.3d at 173 (quoting *Porterfield*, 183 F.3d at 468) (internal quotations omitted)).

Even assuming that Ms. Franklin presented sufficient evidence to show that Ethicon's warning to Dr. Pramudji was inadequate, she still was required to prove the inadequate warning was the producing cause of her injuries. *See Centocor*, 372 S.W.3d at 170. To prove causation, "the plaintiff must show that a proper warning would have changed the decision of the treating physician, i.e., that but for the inadequate warning, the treating physician would have not used or prescribed the product." *Ackermann v. Wyeth Pharm.*, 526 F.3d 203, 208 (5th Cir. 2008) (quoting *Dyer v. Danek Med., Inc.*, 115 F. Supp. 2d 732, 741 (N.D. Tex. 2000)).

Ms. Franklin has failed to present any testimonial or other evidence that Dr. Pramudji would not have used or prescribed the Prolift to treat her pelvic organ prolapse and urinary problems had she received a different warning.

Thus, Ethicon's Motion regarding the failure to warn claim (count III) is

GRANTED.

### C. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by Ethicon. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 44] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: (II) strict liability – manufacturing defect, (III) strict liability – failure to warn, (VI) common law fraud, (VII) fraudulent concealment, (VIII) constructive fraud, (X) negligent infliction of emotional distress, (XI) breach of express warranty, (XII) breach of implied warranty, (XIII) violation of consumer protection laws, and (XV) unjust enrichment. Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 16, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE